*Decision will be entered for the respondent.*

FORT WHARF ICE COMPANY, PETITIONER, *v.* COMMISSIONER OF OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45937. Filed October 29, 1954.

*Harry Bergson, Esq.*, for petitioner.
*Paul M. Henry, Esq.*, for the respondent.

OPINION.

Van Fossan, *Judge:* The issue presented is whether petitioner is entitled to amortize the cost of buildings and machinery over the 10-year period of its lease, or whether it is entitled only to depreciation over the useful life of its assets. Statutory authority for these deductions is contained in section 23 (a) (1) (A) and (l) (1), Internal Revenue Code of 1939.[2]

Ordinarily a taxpayer who makes improvements of a capital nature on property that is used in his trade or business is allowed a deduction for depreciation based on the useful life of the improvements. As an exception to this rule, if a taxpayer makes improvements on property of a capital nature in a situation where he will lose the ownership or control of that property before the usefulness of the assets is exhausted, he will be allowed to amortize the cost of the improvements over the period during which he has the ownership or control of the property. Such a situation arises when a lessee for a term of years makes capital improvements to the leasehold, having a longer economic life than the term of the lease, which will pass to the lessor at the end of the lease period. *Hess Brothers*, 7 B. T. A. 729. See also *Jos. N. Neel Co.*, 22 T. C. 1083; Regs. 111, sec. 29.23 (a)–10. This exception to the general rule is justified because otherwise the taxpayer would either be unable to recover his basis or would be forced to take disproportionate loss at the time when he loses the improvements.

A lessee is not always entitled to amortize the cost of such capital improvements. For example, when the lease is for an indefinite period of time and there is no way to determine the proper period for amortization purposes, depreciation over the useful life is required. *B. Kirk Rankin*, 17 B. T. A. 1301; *Elmira Arms Co.*, 7 B. T. A. 703.

Respondent does not challenge this interpretation of the law but he contends that the application of the exception to the general rule is not justified in this case. He points to the interlocking directorates, the fact that the corporate officers of all interested corporations are the same, and that three men and their wives have substantial, direct or indirect, stock interests in all the corporations here involved.

In effect, he challenges the bona fides of the companies and their shareholders in the premises. However, the record in this case con-

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

* * * * * * *

(l) DEPRECIATION.—A reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

(1) of property used in the trade or business, or

vinces us to the contrary. The petitioner company was not a mere sham, it was an operating company actively engaged in a legitimate business. Likewise, the other companies. They were all independent entities, each having an independent status in operation and each being engaged in a different phase of the fish business. Respondent cites neither statute nor case in support of his position, and we have been unable to find such by independent research.

The contract of lease fixed a term of 10 years. There was no provision for a renewal or extension. At the end of 10 years the improvements on the property were to go to the lessor. To avoid serious loss in the final year, petitioner asks amortization over the 10-year term of the lease. Our decision in *Hess Brothers, supra*, is squarely in point, even to the length of the term. See also *John Junker Spencer*, 19 T. C. 727. In the factual situation before us the claimed deduction for amortization is reasonable, and it is accordingly allowed.

*Decision will be entered under Rule 50.*